**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4581

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS NEAL MCMILLAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (1:05-cr-00267-JAB)

Submitted: April 16, 2007          Decided: May 7, 2007

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph M. Wilson, Jr., MERRITT, FLEBOTTE, WILSON, WEBB & CARUSO, PLLC, Durham, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Neal McMillan pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (West 2000 & Supp. 2006). The district court sentenced him to ninety-two months in prison. McMillan timely appealed.

McMillan's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal, but questioning whether McMillan's trial counsel coerced McMillan into pleading guilty and whether trial counsel was ineffective for failing to file a motion to suppress evidence seized pursuant to McMillan's detention and arrest and statements he made to police officers. McMillan was advised of his right to file a pro se supplemental brief, but he did not file one. For the reasons stated below, we affirm McMillan's conviction and sentence.

We first turn to McMillan's claim that his trial attorney coerced him into pleading guilty. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant," North Carolina v. Alford, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations, Brady v. United States, 397 U.S. 742, 755 (1970). A defendant's statements at the Fed. R. Crim. P. 11 hearing are presumed to be true. Blackledge v. Allison, 431 U.S.

63, 73-74 (1977). Unsupported allegations on appeal are insufficient to overcome representations at the Rule 11 hearing. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (stating that defendant's statement at Rule 11 hearing that he was neither coerced nor threatened was "strong evidence of the voluntariness of his plea"); Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements at plea hearing that facially demonstrate plea's validity are conclusive absent compelling reason why they should not be).

Here, McMillan indicated at the Rule 11 hearing that he was satisfied with counsel's services, he was pleading guilty voluntarily, and no one attempted to force him to plead guilty against his will. Furthermore, the record is devoid of any evidence supporting McMillan's bald claim that trial counsel coerced him into pleading guilty. We therefore find that McMillan is not entitled to relief on this claim.

Additionally, we find that the ineffective assistance of counsel claims that McMillan seeks to raise are not cognizable on direct appeal. To allow for adequate development of the record, a defendant must bring such claims in a 28 U.S.C. § 2255 (2000) motion unless the record conclusively establishes ineffective assistance of counsel. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th

Cir. 1997).  Here, the record does not conclusively establish that McMillan's trial counsel was ineffective.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm McMillan's conviction and sentence.  We deny counsel's motion to withdraw.  This court requires that counsel inform McMillan, in writing, of the right to petition the Supreme Court of the United States for further review.  If McMillan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion at that time.  Counsel's motion must state that a copy thereof was served on McMillan.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>